Alto V. Lee, III, and H. D. McInish, of Dothan, for appellant.

A. A. Carmichael Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

42 So.2d 691

**POWELL v. STATE.**
**4 Div. 113.**

Court of Appeals of Alabama.
June 21, 1949.

Rehearing Denied July 19, 1949.

CARR, Judge.

The nature of this appeal and the question presented for our review are clearly and accurately disclosed in the agreed statement of facts:

"This agreed statement of facts is submitted to the Court for consideration upon submission of the Petition for Writ of Habeas Corpus filed by the Defendant and only for the purpose of determining the Defendant's insistence of former jeopardy. It is not for the purpose of considering bail, nor is it to be binding on either party if this case is later tried on its merits before a jury.

"It is agreed that Willie Powell shot the deceased, Ike Hutto, with a pistol on August 18th, 1948; that there was only one altercation, one wound inflicted, and only one shot fired; that the said Ike Hutto was admitted to a hospital on said August 18th, 1948, operated on thereafter, and that it was found that his spinal cord was partially severed; that the grand jury of Houston County, Alabama, returned an indictment against the Defendant for assault with intent to murder on September 2nd, 1948, same being Case # 6515, State v. Willie Powell, alias William Powell, the Court file being submitted herewith as an Exhibit; that the injured man, Ike Hutto, was discharged from the hospital on September 8th, 1048, and returned to his home; that on October 11th, 1948, the Defendant, Willie Powell, plead guilty under said indictment (Case # 6515 aforesaid) to the offense of assault and battery and paid a fine of $100.00 and costs in the Circuit Court of Houston County, Alabama, a Court of competent jurisdiction, being discharged upon the payment of said fine and costs; that on October 28th, 1948, the said Ike Hutto died as a result of said wound, and that said wound so inflicted by the Defendant Willie Powell was the cause of death. Defendant was indicted on February 17th, 1949, for Murder, First Degree, the present charge pending against him.

"For the purposes of adjudicating the Defendant's insistence of former jeopardy, this cause is submitted to the Court, together with the indictment charging the Defendant with murder in the first degree, together with the indorsements thereof, the writs of arrest together with the indorsements thereon, the Sheriff's returns, and Defendant's Petition for Writ of Habeas Corpus."

The court below denied the writ, and this appeal is prosecuted by the petitioner.

It appears useless for us to go into any extended discussion or elaborate treatment of this inquiry.

We do not find that the identical question has been reviewed by either of our appellate courts. Many courts, however, in other jurisdictions have decided the question contrary to the contention of the petitioner.

The basic reason for the rule is succinctly stated by Mr. Justice Van Devanter, then a member of the United States Supreme Court:

"The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense." Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 251, 56 L.Ed. 500, Ann.Cas.1913C, 1138.

We will cite several leading texts. By following this lead many cases will be found noted in the footnotes. 15 Am.Jur. 66, Criminal Law, Sec. 391; 26 Am.Jur. 278, Homicide, Sec. 182; 22 C.J.S. Criminal Law, Sec. 287c, p. 431; Wharton's Criminal Procedure, Vol. 2, 10th Ed., Sec. 1412, p. 1882; Bishop on Criminal Law, Vol. 1, 9th Ed., Sec. 1059, p. 784.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.